IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE CAMACHO,

    Petitioner,                                  No. CIV S-09-988 GEB CHS P

    vs.

M. MCDONALD,

    Respondent.                         <u>ORDER</u>

_____/

       Petitioner Camacho, a state prisoner, proceeds pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Petitioner stands convicted in the Sacramento County Superior Court, case number 99F08750, of eluding a pursuing peace officer and driving under the influence of alcohol or a drug, for which he received a sentence of two years in prison plus a consecutive term of 25 yeas to life.

       The pending petition presents two distinct grounds for relief. In sum, petitioner claims (1) trial counsel rendered ineffective assistance by allowing the facts underlying several charged prior convictions to come into evidence. Specifically, petitioner contends that counsel both failed to object on certain grounds and also failed to sufficiently prepare petitioner to testify in his own defense, the latter of which caused petitioner to "open the door" to additional cross-examination by the prosecution regarding the facts underlying those prior convictions.

Petitioner also claims that (2) the trial court made an error of constitutional magnitude when it permitted the prosecution to cross-examine him about the facts of those charged prior convictions over the defense's objection for relevance.

Before claims such as these may be properly brought on federal habeas corpus, they must first be exhausted in state court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It is petitioner's burden to show that he has exhausted his state court remedies. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997), *as amended* 1998, *cert. denied*, 532 U.S. 919 (2001); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997); *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). The fair presentation requirement is met where the petitioner has described both the operative facts and the legal theory on which his claim is based. *Picard*, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts... or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *see also Gray v. Netherland*, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief").

In the answer filed on June 17, 2010, respondent neither contested nor admitted that petitioner had exhausted state court remedies. This court, however, may raise the exhaustion

issue sua sponte. *See Granberry v. Greer*, 481 U.S. 129, 134 (1987) (when state fails to contest exhaustion, "court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring" further state proceedings).

Here, it appears that not all of petitioner's claims have been exhausted in their entirety. Specifically, the portion of petitioner's ineffective assistance of counsel claim alleging that counsel failed to sufficiently prepare him to testify in his own defense does not appear to have been fairly presented to the California Supreme Court. Rather, with respect to his ineffective assistance of counsel claim, it appears that petitioner presented to the state supreme court only his contentions that trial counsel failed to object to the admission of facts underlying his prior convictions on the ground that the evidence was cumulative and unduly prejudicial under California Evidence Code 352, and on the alternative ground that admission of the evidence would deprive him of a fair trial.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. *Id*.

Accordingly, petitioner must now elect to proceed in one of two ways. First, petitioner may choose to exhaust the unexhausted portion of his ineffective assistance of counsel claim in state court by presenting that claim using the appropriate procedure to the California courts. If he chooses to do so, petitioner is advised to state the factual allegations of his ineffective assistance of counsel claim with particularity. After completing exhaustion, petitioner's claims may then be considered by this court. If petitioner chooses this option, the action may be administratively stayed in the meantime.

In the alternative, petitioner may choose to file an amended petition in which he raises only his exhausted claims (claim 2 and only the exhausted portion of claim 1). Should petitioner choose this second alternative, he is cautioned that he will risk forfeiting consideration

of the unexhausted portion of claim one in this or any other federal court at a later date. *See McCleskey v. Zant*, 499 U.S. 467 (1991); *see also Rose*, 455 U.S. at 520-21; Rules Governing Section 2254 Cases, Rule 9(b).

Accordingly, PETITIONER IS HEREBY ORDERED TO advise the court, within 30 days, whether he wishes to return to state court to fully exhaust administrative remedies before proceeding with this action, or, in the alternative, whether he wishes to proceed only on the exhausted portions of his claims: namely, claim 2 of the pending petition and the portion of claim 1 alleging that counsel rendered ineffective assistance by failing to object to the admission of facts underlying his prior convictions on the ground that the evidence was cumulative and unduly prejudicial under California Evidence Code 352, and on the alternative ground that admission of the evidence would deprive him of a fair trial.

IT IS SO ORDERED.

DATED: January 11, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE