IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE CAMACHO,

    Petitioner,　　　　　　　　　　　　　　No. CIV S-09-988 GEB CHS P

    vs.

M. MCDONALD,

    Respondent.　　　　　　　　　　　　　ORDER

_____/

        Petitioner, a state prisoner, proceeds pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. It was previously determined that a portion of petitioner's Claim 1 was not exhausted by being fairly presented to the California Supreme Court. A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982). Accordingly, petitioner was directed to choose one of two options: (1) to return to state court to exhaust the unexhausted portion of his ineffective assistance of counsel claim before proceeding with this action or (2) to proceed in this court only on the exhausted portions of his claims.

        Petitioner has indicated that he elects to return to state court in order to fully exhaust claim 1 of his petition. By motion filed on February 14, 2011, petitioner requests that

1

the action be administratively stayed in the meantime.

A district court may stay a petition and hold it in abeyance pursuant to one of two possible procedures, under either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) or *Rhines v. Weber*, 544 U.S. 269 (1995).[1]

First, under the three-step *Kelly* procedure, the petitioner amends his petition to delete any unexhausted claims. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71.) The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. *Id*. Later, upon completion of exhaustion, the petitioner amends his petition to add the newly-exhausted claims to the original petition. *Id.*

The *Kelly* procedure does not require a showing of good cause for the delay. *King*, 564 F.3d at 1140. This would appear to be the primary, and perhaps only, advantage of proceeding under *Kelly* as opposed to *Rhines*, discussed *supra*. As the Ninth Circuit has noted, because the *Kelly* procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he will not be able to demonstrate the timeliness of any deleted claims that he wishes to amend back into the petition after exhaustion.[2] Of particular concern to many petitioners in this situation is the rule explained in *Mayle v. Felix*, 545 U.S. 644 (2005), that a claim added to a pending federal petition after expiration of the limitations period "relates back" to the filing date of the original petition only if the new claim shares a "common core of operative facts" with the claims in the pending petition. *See King*, 564 F.3d at 1141. A new

---

[1] The Ninth Circuit has made clear that the *Kelly* procedure remains a viable alternative following the Supreme Court's decision in *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).

[2] Pursuant to 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to applications for writ of habeas corpus by a person in custody pursuant to a state court judgment. The pendency of a federal habeas corpus petition does not toll the applicable one year statute of limitations of section 2244(d)(1), unlike an application for *state* habeas corpus relief, which does toll the statute of limitations while it is pending. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

claim does not "relate back" to another claim in the petition simply because it arises from "the same trial, conviction, or sentence." *Mayle*, 545 U.S. at 662-64.  A district court is authorized to deny a request for stay and abeyance using the *Kelly* procedure if it appears that the deleted claims cannot be added back to the existing habeas petition after they are exhausted in state court. *King*, 564 F.3d at 1141.

Under a different procedure outlined by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (1995), the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the unexhausted claims are exhausted. *Id*. at 277.  Thus, under the *Rhines* procedure any issue with respect to timeliness is avoided. *See King*, 564 F.3d at 1140. The Supreme Court limits the use of this procedure, however, to those circumstances in which the court finds good cause for the petitioner's failure to fully exhaust. *Rhines*, 544 U.S. at 277; *see also King*, 564 F.3d at 1140-41.  Also, under *Rhines*, a stay is not to be granted if the unexhausted claims are plainly without merit. *Rhines*, 544 U.S. at 277.  Thus, in order to qualify for a stay under *Rhines*, a petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim and not been intentionally dilatory. *Id*. at 277-78.

Accordingly, petitioner must file additional briefing regarding his pending motion to stay, filed on February 14, 2011, addressing the four *Rhines* factors.  In the event that this court denies petitioner's motion for a stay under the *Rhines* procedure, petitioner will be given an opportunity to amend his petition to raise only exhausted claims, in order to avoid dismissal of his mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

In the alternative, if petitioner wishes to proceed with his motion to stay pursuant to the *Kelly* procedure, he must first file an amended petition deleting the unexhausted portion of Claim 1.  Petitioner is cautioned that the one year statute of limitations provided by 28 U.S.C. §

2244(d)(1) applies and that the *Kelly* procedure will not affirmatively protect the deleted, unexhausted portion of his Claim 1 from a future assertion of untimeliness by respondent.

   For the foregoing reasons, IT IS HEREBY ORDERED THAT petitioner must file, within 30 days of the date of this order, one of the following: (1) additional briefing regarding his pending motion to stay, addressing the factors of *Rhines v. Weber*, 544 U.S. 269 (1995), detailed herein; or (2) an amended petition deleting the unexhausted portion of claim 1.

DATED: February 22, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE